IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. AGENCY FOR GLOBAL MEDIA <br> 330 Independence Ave. SW <br> Washington, DC 20237 <br><br> *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 21-cv-1200 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Agency for Global Media under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

1

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Agency for Global Media (USAGM) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). USAGM has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*Calendars FOIA Request*

7. On July 21, 2020, American Oversight submitted a FOIA request to USAGM seeking the following:

> All calendars or calendar entries for the below specified officials, including any calendars maintained on their behalf, reflecting events that took place from June 14, 2020, through the date the search is conducted.
>
> For calendar entries created in Outlook or similar programs, the documents should be produced in "memo" form to include all invitees, any notes, and all attachments. Please do not limit your

search to Outlook calendars—we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how these officials allocate their time on agency business.

1) Michael Pack, CEO of U.S. Agency for Global Media
2) Emily Newman, Chief of Staff
3) Diane Cullo, Deputy Chief of Staff
4) Michael Williams, Vice President for Legal, Compliance, and Risk Management

8. As of the date of this Complaint, American Oversight has not received any communications from USAGM regarding this request.

*Communications FOIA Request*

9. On October 9, 2020, American Oversight submitted a FOIA request to USAGM seeking the following:

> 1. All text messages (or similar messages sent on messaging applications such as Signal, WhatsApp or other platforms) concerning agency business sent or received by the USAGM officials specified below.
>
> 2. All email communications (including emails, complete email chains, and email attachments) concerning agency business <u>sent</u> by the USAGM officials specified below.
>
> <u>Specified Officials</u>:
>
> 1. CEO Michael Pack
> 2. Chief of Staff Emily Newman
> 3. Acting Legal Advisor Mora Namdar (also known as Morvared Namdarkhan)
>
> Please provide all responsive records from June 1, 2020, through the date of the search.
>
> For Item 2, in an effort to accommodate the agency and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited its request to emails <u>sent</u> by the specified officials. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means, for example, that both

       CEO Pack's response to an email and the initial received message are responsive to this request and should be produced.

       Please understand messages and emails regarding "agency business" to broadly include, at a minimum, all communications (whether on government-issued or personal devices or accounts) that would ordinarily comprise federal records per 44 U.S.C. § 3301(a)(1)(A), which defines federal government records as, "all recorded information . . . appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the United States Government or because of the informational value of data in them." *Id*.

10. By letter dated November 18, 2020, USAGM acknowledged American Oversight's request and assigned it tracking number FOIA21-004.

11. As of the date of this Complaint, American Oversight has not received any further communications from USAGM regarding this request.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Searches for Responsive Records

12. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

13. American Oversight properly requested records within the possession, custody, and control of Defendant.

14. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

15. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA requests.

16. Defendant's failure to conduct adequate searches for responsive records violates FOIA.

17. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Withholding of Non-Exempt Responsive Records**

18. American Oversight properly requested records within the possession, custody, and control of Defendant.

19. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

20. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to Plaintiff's FOIA requests.

21. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA requests.

22. Defendant's failure to provide all non-exempt responsive records violates FOIA.

23. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to Plaintiff's FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests submitted to Defendant;

(2) Order Defendant to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: May 3, 2021                                      Respectfully submitted,

*/s/ Mehreen Rasheed*
Mehreen Rasheed
D.C. Bar No. 144880
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 848-1320
mehreenrasheed@americanoversight.org
*Counsel for Plaintiff*